UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

--------------------------------------------------------------------- x

FEDERAL DEPOSIT INSURANCE CORPORATION,                 :
as Manager of the FSLIC Resolution Fund,

                                                        :   No. 95-517-CIV-HIGHSMITH
                                   *Plaintiff,*

                                                        :

              - against -

                                                        :

GHAITH R. PHARAON,

                                                        :
                                   *Defendant.*

                                                        :

--------------------------------------------------------------------- x

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Ghaith R. Pharaon ("Pharaon"), by his undersigned attorneys, answers the
First Amended Complaint (the "Complaint") as follows:

Denies the allegations in the non-numbered paragraphs of the Complaint under the
heading "Nature of the Case" to the extent they require a response.

1.       Denies the allegations in paragraph 1 of the Complaint.

2.       Denies the allegations in paragraph 2 of the Complaint.

3.       Denies the allegations in paragraph 3 of the Complaint, except admits that the
Court has held that it has personal jurisdiction over him in connection with the matters set forth
in Plaintiffs' original Complaint.

4.       Denies knowledge or information sufficient to form a belief as to the truth of the
allegations in paragraph 4 of the Complaint.

5.       Denies knowledge or information sufficient to form a belief as to the truth of the
allegations in paragraph 5 of the Complaint.

6.     Admits the allegations in paragraph 6 of the Complaint, except denies that (a) he has engaged in unlawful acts; (b) the indictment referred to in said paragraph was issued based upon all of the acts alleged in the Complaint; and (c) he is "a fugitive from justice."

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.     Denies the allegations in Paragraph 8 of the Complaint.

9.     Denies the allegations in paragraph 9 of the Complaint, except admits that he purchased shares of Centrust in or about 1988.

10.    Admits the allegations in paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of said paragraph.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.    Denies the allegations in paragraph 12 of the Complaint.

13.    Denies the allegations in paragraph 13 of the Complaint, except admits that he wrote a letter to Paul on or about July 15, 1987 and respectfully refers the Court to such letter for the contents thereof.

14.    Denies the allegations in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

444028-v1 0074369-0013

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     Denies the allegations in Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.     Denies the allegations in Paragraph 22 of the Complaint, except admits that he wrote a letter to regulators concerning the Bank Offering and respectfully refers the Court to such letter for the contents thereof.

23.     Denies the allegations in Paragraph 23 of the Complaint, except he denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Paul knew.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     Denies the allegations in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     Denies the allegations in paragraph 27 of the Complaint, except admits that he was a shareholder of BCCI before the period relevant to the allegations in the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 29 of the Complaint.

30.     Denies the allegations in paragraph 30 of the Complaint.

31.     Denies the allegations in paragraph 31 of the Complaint.

32.     Denies the allegations in paragraph 32 of the Complaint.

33.     Denies the allegations in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     Denies the allegations in Paragraph 36 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Paul reported.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39.     Denies the allegations in Paragraph 39 of the Complaint.

40.     Denies the allegations in Paragraph 40 of the Complaint, except admits that in or about May 1992 a federal grand jury in the Southern District of Florida issued an indictment against Paul and Pharaon in connection with Centrust's subordinated debenture offering.

41.     Denies the allegations in Paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43.     Admits that he has not appeared before the Court to answer the indictment referred to above and denies the remainder of the allegations in Paragraph 43 of the Complaint.

44.     Denies the allegations in Paragraph 44 of the Complaint, except admits that he attended a meeting in or about September 1993 in Morocco with U.S. law enforcement officials and others.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.     Admits the allegations in Paragraph 46 of the Complaint, except denies the existence of a "buyback scheme."

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, except denies the existence of an "illegal buyback scheme."

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

444028-v1 0074369-0013

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

51.     Denies the allegations in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph and refers to the "Bond Offering Memorandum" for the contents thereof.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint and respectfully refers to the Court all conclusions of law in said paragraph.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58.     Repeats and realleges his answers to paragraphs 1 through 57 above as if set forth in full herein.

444028-v1  0074369-0013

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

60.     Denies the allegations in paragraph 60 of the Complaint.

61.     Denies the allegations in paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Denies the allegations in paragraph 63 of the Complaint.

64.     Repeats and realleges his answers to paragraphs 1 through 63 above as if set forth in full herein.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint, and respectfully refers to the Court all conclusions of law in said paragraph.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint except denies the allegations in said paragraph to the extent it is alleged that Pharaon was involved in illegal or tortious conduct.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

444028-v1 0074369-0013

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Denies the allegations in paragraph 71 of the Complaint.

72.     Denies the allegations in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Denies the allegations in paragraph 74 of the Complaint.

75.     Repeats and realleges his answers to paragraphs 1 through 74 above as if set forth in full herein.

76.     Denies the allegations in paragraph 76 of the Complaint.

77.     Repeats and realleges refers to his answers to paragraphs 1 through 76 above as if set forth in full herein.

78.     Denies the allegations in paragraph 78 of the Complaint.

79.     Denies the allegations in paragraph 79 of the Complaint.

80.     Denies the allegations in paragraph 80 of the Complaint.

81.     Repeats and realleges his answers to paragraphs 1 through 80 above as if set forth in full herein.

82.     Denies the allegations in paragraph 82 of the Complaint.


## DEFENSES

1.     This Court lacks personal jurisdiction over Pharaon.

2.     Plaintiff's allegations fail to state a claim.

3.     Plaintiff's claims are barred by applicable statutes of limitations.

444028-v1 0074369-0013

4.    Plaintiff's claims are barred by settlement between the parties and between plaintiff and third parties.

5.    Plaintiff's claims are barred in whole or in part by setoffs.

6.    Plaintiff's claims are barred in whole or in part by illegal conduct attributable to plaintiff.

7.    Venue does not property lie in this district.

8.    Plaintiff's damages, if any, were caused by plaintiff's own conduct.

9.    Plaintiff has failed to join indispensable parties.

WHEREFORE, defendant Ghaith R. Pharaon respectfully demands judgment dismissing the Complaint in its entirety and awarding defendant costs and any other and further relief the Court may deem just and proper.

Dated:   April 17, 2000

By: _____
    One of his attorneys

Richard F. Lawler
Philip M. Smith
Michael J. Friedman
WHITMAN BREED ABBOTT &
MORGAN LLP
200 Park Avenue
New York, New York  10166
(212) 351-3000

- and -

Francisco R. Angones
Christopher J. Lynch
ANGONES, HUNTER, McCLURE,
LYNCH & WILLIAMS
9th Floor, Concord Building
66 West Flagler Street
Miami, Florida  33130
(305) 371-5000

-9-

444028-v1 0074369-0013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer to First

Amended Complaint was served by U.S. Mail on April 17, 2000 upon the following attorneys for

Plaintiff:

Barry S. Rosen, Esq.
Sachnoff & Weaver, Ltd.
30 South Wacker Drive
Suite 2900
Chicago, Illinois 60606

Bernard M. Brodsky, Esq.
Federal Deposit Insurance Corporation
1717 H Street, N.W.
Sixth Floor
Washington, D.C. 20006

Paulino A. Nunez, Jr., Esq.
Rodriguez & Angelo, P.A.
1401 Brickell Avenue
Suite 600
Miami, Florida 33131

Michael J. Friedman, Esq.
WHITMAN BREED ABBOTT & MORGAN LLP
200 Park Avenue
New York, New York 10166
(212) 351-3000